CITY OF COLUMBUS, APPELLEE, *v.* SLIKER, APPELLANT. (Three cases.)

(Nos. 85AP-782, -783 and -784—
Decided February 20, 1986.)

*Ronald J. O'Brien,* city attorney, and *David E. Tingley,* for appellee.

*James Kura,* county public defender, and *John W. Keeling,* for appellant.

McCORMAC, J. Defendant-appellant, Gerald L. Sliker, was arrested and charged with three traffic violations in the city of Columbus on December 23, 1984. He was charged with failing to display proper license plates in violation of Section 2135.09(a) of the Columbus City Code, driving without a valid operator's license in violation of Section 2135.01 of the Columbus City Code, and driving while under suspension in violation of Section 2135.07 of the Columbus City Code. He waived trial by jury and was convicted of all three offenses by the trial court. He was sentenced to thirty days and costs, to be served concurrently for driving under suspension and no operator's license, and fined $25 and costs for failure to display proper tags on his vehicle.

Defendant has appealed, asserting the following assignments of error:

"1. The trial court erred by entering judgment against the defendant when the defendant had never been tried and had never waived his right to a trial.

"2. The trial court erred by entering a judgment of conviction against the

defendant for driving while under suspension when the evidence established that the defendant's license had been cancelled and not suspended and further indicated that even the cancellation was not valid and that the defendant lacked any criminal intent."

No appeal has been taken from the finding of guilty for failure to display proper tags on defendant's vehicle; consequently, the judgment of the trial court in regard to that charge is affirmed.

The prosecution's evidence consisted of the certified records of the Registrar of the Ohio Bureau of Motor Vehicles. Those records show that defendant applied for and received an Ohio driver's license from the registrar on January 22, 1981, which license was still facially valid at the time of defendant's arrest. However, on February 24, 1981, the registrar notified defendant that, according to a report of the National Driver Register from the state of Illinois, defendant's driving privileges were under suspension in Illinois. He was further notified that if he wished to retain driving privileges in Ohio he must obtain a letter of clearance from Illinois and forward it to the Ohio Bureau of Motor Vehicles, and that, if the letter of clearance was not received within thirty days, he must return his Ohio driver's license to the registrar for cancellation. Nothing transpired until April 20, 1982, when the registrar sent defendant a certified letter, return receipt requested, informing him that his privilege to drive a motor vehicle in Ohio had been cancelled pursuant to R.C. 4507.08, effective April 22, 1982. The certified letter was returned not deliverable as addressed, unable to forward. No further steps were taken by the registrar.

In regard to driving under a suspended Illinois license, defendant argues that the report from the National Driver Register, received from Illinois and contained within the certified file of the Ohio Bureau of Motor Vehicles, was not admissible because it was hearsay. That objection was properly overruled by the trial court pursuant to the exception to the hearsay rule contained in Evid. R. 803(8), which excludes from the hearsay rule records, reports, statements, or data compilations in any form of public offices or agencies setting forth the activities of the office or agency. Defendant argues that the report from Illinois, as a result of the agency inquiry to the National Driver Register, does not come within that exception. However, that report is a record, report, statement, or data compilation just as are reports received about a person's driving record from a public body in Ohio. Each type of report equally contains hearsay to which the exception applies.

Defendant further argues that, even if the National Driver Register report from Illinois is considered, it is insufficient to prove that defendant is guilty of a violation of Section 2135.07 of the Columbus City Code ("Section 2135.07"). Section 2135.07 provides that no person whose operator's license has been suspended or revoked, either in Ohio or under applicable law in any other jurisdiction, shall, *during the effective dates of such suspension or revocation,* apply for and receive a new license, or drive a motor vehicle in Columbus.

The National Driver Register report in the file of the Bureau of Motor Vehicles is dated January 28, 1981. It states that defendant's Illinois license was "withdrawn" on October 10, 1975 for driving under the influence. The report contains no indication of the effective dates of such revocation or suspension. Thus, it is impossible to tell from that report whether defendant was still subject to suspension or revocation in Illinois either on January 22, 1981, when he applied for and received his Ohio driver's license, or on the date of the offense. It is the burden of the pros-

ecution to prove beyond a reasonable doubt all elements of the crime which, in the instance of the alleged violation of Section 2135.07, required proof that defendant was operating a motor vehicle in Columbus on the date of the offense during the effective dates of the Illinois suspension or revocation. Since an essential element of the crime was not proved, the trial court erred in finding defendant guilty of a violation of Section 2135.07.

Defendant further asserts that the trial court erroneously found him guilty of operating a motor vehicle without a valid Ohio driver's license pursuant to Section 2135.01 of the Columbus City Code ("Section 2135.01"). Defendant argues that the Bureau of Motor Vehicles did not comply with the applicable provisions of the Ohio Administrative Procedure Act and, thus, that his Ohio license remains in effect.

R.C. 119.06 provides that no adjudication order of an agency shall be valid unless an opportunity for a hearing is afforded. Exceptions contained in R.C. 119.06 are not applicable to the case herein.

R.C. 119.062 provides that notwithstanding R.C. 119.06, the Registrar of Motor Vehicles is not required to hold a hearing in connection with an order revoking or suspending a motor vehicle operator's license pursuant to R.C. 4507.161, 4509.24, 4509.291, 4509.31, 4509.33, 4509.37, 4509.39, 4509.42, or 4509.66.

The registrar attempted to cancel defendant's Ohio license pursuant to R.C. 4507.08, which provides that no operator's license shall be issued to any person whose license has been suspended during the period for which the license is suspended. Orders cancelling a license under R.C. 4507.08 are not excluded from a hearing under R.C. 119.062.

R.C. 4507.08(D) provides that any person whose application is *denied* may file a petition in the appropriate court under certain instances. There is no provision in R.C. 4507.08 about the method to be used to cancel a license that was allegedly wrongly issued, as was the intent of the Bureau of Motor Vehicles in this case. Hence, the order of the Bureau of Motor Vehicles is an adjudication order of an agency subject to the provision of R.C. 119.06, which requires a hearing using the procedures specified in R.C. Chapter 119.

R.C. 119.07 requires that the agency give notice to the party adversely affected by the adjudication order informing him of his right to a hearing by registered mail, return receipt requested, together with other information regarding the hearing. It is also provided in R.C. 119.07 that, when the registered mail notice is returned because of inability to deliver it, the notice required shall be published once a week for three consecutive weeks in a newspaper of general circulation in the county where the last known place of residence or business of the party is located. There is no indication in the Bureau of Motor Vehicles file that notice of a right to a hearing was given to defendant, or that the notice was published in a newspaper after the certified mail was returned undelivered. Most importantly, R.C. 119.07 provides as follows:

"The failure of an agency to give the notices for any hearing required by sections 119.01 to 119.13, inclusive, of the Revised Code, in the manner provided in this section shall invalidate any order entered pursuant to such hearing."

The failure of the Registrar of the Bureau of Motor Vehicles to comply with the requirements of R.C. 119.06 and 119.07 invalidates the bureau's order cancelling defendant's Ohio driver's license. Hence, there was no proof that defendant was operating a motor vehicle without being licensed by the Ohio Registrar of Motor Vehicles

and the trial court erroneously found defendant guilty of a violation of Section 2135.01.

Defendant's second assignment of error is sustained. The judgments of the trial court, finding defendant guilty of violations of Sections 2135.01 and 2135.07, are reversed.

Defendant's first assignment of error alleges certain procedural deficiencies by the trial court. However, those deficiencies were admittedly cured and were not prejudicial to defendant. Hence, the first assignment of error is overruled.

Defendant's first assignment of error is overruled, and defendant's second assignment of error is sustained. The judgment of the trial court is affirmed in regard to the guilty finding for failure to display proper license plates, and the judgments are reversed in regard to the guilty finding of violations of Sections 2135.01 and 2135.07. Final judgments are ordered to be rendered for defendant for the latter charges.

*Judgment accordingly.*

GEORGE and MITROVICH, JJ., concur.

GEORGE, J., of the Ninth Appellate District, sitting by assignment in the Tenth Appellate District.

MITROVICH, J., of the Court of Common Pleas of Lake County, sitting by assignment in the Tenth Appellate District.

GEORGE, J., concurring separately. I concur because the procedural safeguards afforded by R.C. Chapter 119 protect all licensees, the innocent as well as the deceptive. The record here indicates that appellant may have procured an Ohio driver's license by fraud. While such deception may make appellant amenable to the sanctions provided for a violation of R.C. 4507.30(E) (see R.C. 4507.99[B]), it does not deprive him of his entitlement to the R.C. Chapter 119 procedure.