OPINION
Franklin R. Caltrider, Registrar, Ohio Bureau of Motor Vehicles (the Registrar) appeals from an April 17, 2000 order entered in the Vandalia Municipal Court which granted occupational driving privileges to Johnny D. Sturgill, Jr. Sturgill has not filed a brief in this court and by order of January 5, 2001, we ordered that the matter be submitted without the benefit of a brief from Sturgill.
In determining this appeal, we are availing ourselves of App.R. 18(C), which provides in pertinent part:
 If an appellee fails to file his brief within the time provided by this rule, or within the time as extended, he will not be heard at oral argument except by permission of the court upon a showing of good cause submitted in writing prior to argument; and in determining the appeal, the court may accept the appellant's statement of the facts and issues as correct and reverse the judgment if appellant's brief reasonably appears to sustain such action.
We have reviewed the record in this case. The Registrar's statement of the facts finds ample support in the record and is as follows:
 Appellant Franklin R. Caltrider, Registrar, Ohio Bureau of Motor Vehicles ("Appellant" or "BMV") cancelled the driver's license of Appellee Johnny D. Sturgill, Jr. ("Appellee") pursuant to O.R.C. 4507.08
and O.R.C. 4507.19. (See Notices of Cancellation, October 20, 1999). O.R.C. 4507.08(D) provides in pertinent part that no driver's license shall be retained by any person making an application whose driver's license or driving privileges are under revocation or suspension in the jurisdiction where issued or any other jurisdiction, until the expiration of one year after the license was revoked or until the period of suspension ends. The Bureau of Motor Vehicles became aware, subsequent to granting Appellee a driver's license, that his license had been suspended in both Arizona and Nebraska. Thus, Appellee's drivers license was cancelled pursuant to O.R.C. 4507.19, which provides that the Registrar of Motor Vehicles may suspend or cancel any driver's license upon determination that such license was obtained unlawfully, issued in error, or has been altered or willfully destroyed. Notices of Cancellation of Appellee's license were sent to the Appellee on October 20, 1999, based on the suspensions imposed against his driving privileges in both Arizona and Nebraska. (See Notices of Cancellation, October 20, 1999). These notices each contained a provision explaining that Appellee had the right to a hearing, and that he could submit a request for hearing in writing to the Ohio Bureau of Motor Vehicles within thirty (30) days after the mailing of the notice. (See Notices of Cancellation, October 20, 1999). No such request was received by the BMV.
 On April 11, 2000, Appellee filed a petition in Vandalia Municipal Court pursuant to O.R.C. 4507.08(D)(5), seeking his driver's license or, in the alternative, that he be granted driving privileges to and from work. (See Petition, April 11, 2000, p. 2). This petition was first acknowledged as received by the BMV by letter dated May 11, 2000, to the Vandalia Municipal Court from Joyce C. Stewart, Chief, Drivers License Special Case Division, Ohio Department of Public Safety. (See Steward Letter, May 11, 2000). The record contains no proof of service of process to Appellant at the time of petition filing with the trial court and no appearance was thus made by Appellant BMV in the proceeding.
 On April 17, 2000, twenty-four (24) days prior to acknowledgment by the BMV that they received Appellee's petition, the Vandalia Municipal Court, issued an order and entry for occupational driving privileges. (See Order and Entry for Occupational Driving Privileges, April 17, 2000). Appellant thereafter filed a timely Notice of Appeal with this Court. (See Notice of Appeal, May 17, 2000).
The Registrar advances five assignments of error, the first which states:
 1. THE TRIAL COURT NEVER PROPERLY ESTABLISHED JURISDICTION OVER APPELLANT BMV TO ENTER THE ORDER AND ENTRY FOR OCCUPATIONAL DRIVING PRIVILEGES.
The Registrar contends, with record support, that he was not served with Sturgill's petition for restoration of his operator's license or, in the alternative, occupational driving privileges, until after the court had ruled on the petition and granted occupational driving privileges. As such, he contends that the order granting occupational privileges is void, relying on State ex rel Ballard v. O'Donnell (1990),50 Ohio St.3d 182. Based upon Ballard, we sustain the first assignment of error, and the order appealed from will be vacated.
For his second assignment, the Registrar states:
 2. OCCUPATIONAL DRIVING PRIVILEGES CAN NOT (sic) BE GRANTED UNDER AN O.R.C. 4507.08 and O.R.C. 4507.19
DRIVER'S LICENSE CANCELLATION.
 The Registrar correctly points out that Sturgill's Ohio driver's license was cancelled rather than suspended, such that he has no license upon which to base a grant of occupational privileges. He also correctly observes that there is no authority under R.C. 4507.08 and 4507.19 to grant limited privileges where a license has been cancelled. The second assignment is sustained.
The Registrar's third assignment states:
 3. THIS CASE IS GOVERNED BY O.R.C. CHAPTER 119, THE ADMINISTRATIVE PROCEDURE STATUTE, NOT THE LICENSE ISSUANCE STATUTE O.R.C. 4507.08(D).
 The Registrar contends that the situation presented here — the cancellation of a driver's license that had been issued improperly — is governed by R.C. Chapter 119, the administrative procedure statute, rather than R.C. 4507.08(D), pursuant to which the trial court appears to have acted. The Registrar relies upon Columbus v. Sliker (1986), 30 Ohio App.3d 74, which so held. Sliker
distinguished the denial of an Ohio operator's license on account of an out-of-state suspension or revocation, which is governed by R.C. 4507.08(D), from the cancellation of an Ohio operator's license issued without awareness of the out-of-state impediment, which it held was governed by R.C. Chapter 119. We agree with the distinction made in Sliker, and its conclusion that R.C. Chapter 119 governs this case. The third assignment is sustained.
The Registrar's fourth assignment states:
 4. THE TRIAL COURT DID NOT HAVE SUBJECT MATTER JURISDICTION TO CONSIDER APPELLEE'S PETITION.
 Based on our determination that this case is governed by R.C. Chapter 119, we are constrained to agree that the Montgomery County Court of Common Pleas rather than the Vandalia Municipal Court was the only court that would have had jurisdiction to grant Sturgill relief from adverse BMV action. See R.C. 119.12. The fourth assignment is sustained.
In his fifth assignment, the Registrar asserts that Sturgill failed to exhaust his administrative remedies.
Sturgill was notified of the cancellation of his Ohio operator's license by letters from the Registrar dated October 20, 1999. Each letter informed him that he had thirty days from that date to request a hearing before the BMV to contest the license cancellation. We agree with the Registrar that Sturgill's failure to avail himself of the administrative hearing operated to deprive the trial court of the full administrative record that is essential for judicial review of the BMV's action. Indeed, the supreme court has held that failure to exhaust administrative remedies deprives the trial court of jurisdiction to review administrative action. Noernberg v. Brook Park (1980),63 Ohio St.2d 26.
The fifth assignment is sustained.
The order granting occupational driving privileges will be reversed and vacated.
 ________________ WOLFF, P. J.
FAIN, J. and YOUNG, J., concur.