Per Curiam..

The first question presented is procedural. It is the contention of the respondents that the extraordinary remedy of a writ of mandamus is not available in this controversy. They rely on the following statutes:
Section 2731.01, Bevised Code. “Mandamus is a writ, issued in the name of the state to an inferior tribunal, a corporation, board, or person, commanding the performance of an act which the law specially enjoins as a duty resulting from an office, trust or station.”
Section 2731.05, Bevised Code. “A writ of mandamus must not be issued where there is a plain and adequate remedy in the ordinary course of the law.”
The respondents contend that “inasmuch as the relator is claiming it is being deprived of the reasonable use of its land, it has not exhausted its remedies provided by the ordinance itself much less other obvious remedies at law and equity.”
*40 Reliance is placed on the decision of this court in the case of State, ex rel. Lieux, v. Village of Westlake, 154 Ohio St., 412, 96 N. E. (2d), 414, the syllabus of which reads as follows:
“1. Constitutional questions will not be decided until the necessity for their decision arises.
“2. An applicant for a building permit, whose application is refused because of the provisions of a zoning ordinance, cannot secure a writ of mandamus, compelling the issuance of such permit on the ground that the ordinance as a whole is unconstitutional, without first exhausting administrative remedies provided by such ordinance if such administrative remedies might enable such applicant to secure the permit.
“3. The efforts of such applicant, merely to exhaust the administrative remedies provided by such zoning ordinance, will not operate to prejudice such applicant in questioning later the constitutional validity of any part of the ordinance.”
In the instant controversy the conflict is between deed restrictions and zoning provisions, and it is the contention of the respondents that the relator is seeking to improperly employ the extraordinary remedy of a writ of mandamus as a means of having this tribunal sit as a court of equity to determine the validity of those deed restrictions. Likewise, it is insisted that the relator is attempting to substitute the extraordinary remedy of mandamus for the available and unused administrative procedure of appeal to the board of zoning appeals.
Under the circumstances the relator has mistaken its remedy, and hence the writ of mandamus must be denied and the action dismissed.

Writ denied.

Weygandt, C. J., Zimmerman, Taet, Matthias, Bell, Herbert and Peck, JJ., concur.