Taft, J.
When this case was previously before us, we stated in paragraph two of the syllabus that owners of substantially improved lands “have no constitutional right to rely upon the provisions of an original comprehensive municipal zoning ordinance so as to permanently impair or prevent the adoption of a subsequent amendatory ordinance”; and, at that time, we reversed the judgment of the Court of Appeals because that court had apparently based its judgment upon a conclusion of law “that those, who had expended capital in acquiring and substantially improving lands for ‘retail business’ in reliance upon and in conformity with the zoning ordinance in effect prior to these amendatory ordinances, were * * * entitled to rely upon the continuance of such prior ordinance without amendments materially increasing restrictions upon the use of their property.” Curtiss v. City of Cleveland, 166 Ohio St., 509, 529, 144 N. E. (2d), 177. We are not surprised that the Court of Appeals has again held the complained of zoning ordinance *130 amendments invalid as applied to appellees in the judgment now under review and has based that judgment upon grounds which we believe are sound.
The record clearly discloses that appellees were the owners of substantially improved lands and that a substantial actual loss in value (down from a range of $100 to $200 per front foot to a range of $20 to $85 per front foot) resulted from the rezoning of these lands by the 1945 and 1949 amendments to the Cleveland zoning ordinance. When this case was previously before us, we said in paragraph two of the syllabus that “if when applied to the owners of such lands such ordinance is found to be unreasonable and discriminatory and without relation to the public health, safety, morals or general welfare, injunctive relief will lie.” The Court of Appeals has so found and has provided such injunctive relief.
Even though legislation enacted pursuant to the police power makes unlawful what has theretofore been lawful and thereby decreases or even destroys the value of property which has been used in what has theretofore been a lawful undertaking, such legislation will not be considered invalid as a “taking” of that property, within the meaning of constitutional limitations, where such legislation bears a real and substantial relation to the public health, safety, morals or general welfare and is not unreasonable or arbitrary. In enacting such legislation, a legislative body is presumed to have decided that such legislation does bear such a real and substantial relation and is not unreasonable or arbitrary. Whether such legislation bears such real and substantial relation and whether it is reasonable or arbitrary are questions committed in the first instance to the judgment and determination of the legislative body, and the decisions of such legislative body on those questions will not be disturbed unless they appear to be clearly erroneous. Benjamin v. City of Columbus, 167 Ohio St., 103, 146 N. E. (2d), 854. See State, ex rel. Cleveland Electric Illuminating Co., v. City of Euclid, 169 Ohio St., 476, 480, 159 N. E. (2d), 756.
Thus, the legislative body of the city of Cleveland is presumed to have decided that, “when applied to” appellees as owners of substantially improved lands, the 1945 and 1949 amendments to the Cleveland zoning ordinance, in rezoning *131 those lands so as to make their nse nonconforming and so as to restrict the enlargement or expansion of nonconforming uses and so as to provide for their elimination under certain circumstances and conditions, bear a real and substantial relation to the public health, safety, morals or general welfare, are reasonable and are not arbitrary. However, in the opinion of a majority of this court, the evidence in this case is sufficient to justify the conclusion of the Court of Appeals that those decisions, which the legislative body of Cleveland is presumed to have made, were clearly erroneous.
In the first sentence of paragraph two of the syllabus of this case when it was previously reported (166 Ohio St., 509), we said that “actual or potential loss in value resulting from the rezoning of substantially improved lands does not of itself render an amendatory zoning ordinance invalid.” We did not say that such loss in value is not an important factor to be considered in determining whether such rezoning ordinance is unreasonable or arbitrary.
Although zoning ordinances are enacted pursuant to the police power, they frequently represent police regulations that have characteristics justifying a careful consideration of factors that would not always be given much weight in testing the constitutional validity of other kinds of police regulations. For example, a comprehensive zoning ordinance, like the Cleveland ordinance as amended in 1945 and 1949, may, in part of the areas zoned, prevent the use of property in the conduct of what is a lawful undertaking in other parts of the area zoned. Such a police regulation obviously makes what is a lawful undertaking unlawful merely because it is conducted in a particular location. This usually arouses a suspicion that such a police regulation may involve discrimination and thus raises the question whether reasonable legislators could have decided that there was some justification for such discrimination and therefore decided that the regulation was reasonable and not arbitrary. In considering that question, the impact of such an ordinance on the value of the property affected by it is a very important factor even though such impact, with respect to a general prohibitory exercise of the police power, might be of much less importance.
*132 The fact that owners have substantially improved their •lands for a use, lawful at the time they have so improved them (whether lawful because of or by reason of the absence of applicable zoning legislation) is always an important factor in determining the validity of subsequent zoning legislation providing against such use. See 1 Metzenbaum, Law of Zoning (2 Ed.), 124 et seq. This court has recognized it as so important a factor as to prevent such legislation from being valid if it does not provide for the continuance of a nonconforming use (City of Akron v. Chapman, 160 Ohio St., 382, 116 N. E. [2d], 697, 42 A. L. R. [2d], 1140) although not so important a factor as to always prevent legislation limiting the extension of such a use (State, ex rel. City Ice & Fuel Co., v. Stegner, Dir., 120 Ohio St., 418, 166 N. E., 226, 64 A. L. R., 916).
In most instances, where an owner has made substantial improvements on his land for a certain use, a zoning ordinance preventing such use will not only deprive him of the additional value his land would have if he could use it for such use but also deprive him of the value of his improvements for that use. Hence, the value of such owner’s property is more adversely affected by such zoning than is the value of unimproved property. This probably justifies the conclusion reached by this court that zoning legislation may not require the discontinuance of an existing use that was lawful before such legislation. However, this court has recognized that zoning legislation, preventing a use that did not even exist before such legislation, may also have such a serious impact on the value of land that such legislation will be arbitrary as to such land if its relation to the public health, safety, morals or general welfare is not very substantial. East Fairfield Coal Co. v. Booth, Zoning Inspr., 166 Ohio St., 379, 143 N. E. (2d), 309, State, ex rel. Killeen Realty Co., v. City of East Cleveland, 169 Ohio St.. 375, 160 N. E. (2d), 1. In short, the benefit from zoning use limitations to the public health, safety, morals or general welfare must be sufficient to reasonably outweigh the loss to the landowner in order to justify zoning legislation causing such loss by limiting such owner’s right to use his property. Any such benefit may be lessened by the facts that a substantial part of the property *133 being zoned has previously been used for uses other than those permitted by the zoning legislation and very little of such property has been used for uses permitted by such legislation. In the instant ease, the weight of that advantage is considerably lessened by the fact that a substantial majority of the parcels of land on this boulevard in the area where appellees’ properties are located is already used for retail business and can lawfully be continued in that use and very little of such land is now used for residence purposes. In this respect, this case differs substantially from State, ex rel. City Ice & Fuel Co., v. Stegner, supra (120 Ohio St., 418), where the property of the complaining party represented the only nonconforming use in an existing residential district.
It has been argued that the thrust of the amendatory ordinances attacked in the instant case is to enhance the value of these particular properties because it gives them, as nonconforming uses for retail business, what is akin to a monopoly in a residential zone; and that the only loss that could occur could only happen at some future time when the limitations with respect to enlargement or extension or the provisions for elimination of a nonconforming use might interfere with the use of these properties. However, the evidence clearly discloses that the properties of appellees have a substantially lesser value because of'the use restrictions imposed by the 1945 and 1949 amendatory ordinances. In such an instance, it is not necessary to wait for any further impact on such properties from a zoning ordinance or an amendment thereto before seeking injunctive relief with respect to such properties. State, ex rel. Lieux, v. Village of Westlake, 154 Ohio St., 412, 417, 96 N. E. (2d), 414, Village of Euclid v. Ambler Realty Co., 272 U. S., 365, 71 L. Ed., 303, 47 S. Ct., 114, 54 A. L. R., 1016.
As indicated by the emphasized portions quoted in the statement of the case from the judgment under review, it is apparent that the injunction given by the Court of Appeals is too broad. It would even prevent the enforcement of any future valid amendatory ordinance so far as it applied to these properties of appellees. It must therefore be modified so as to merely enjoin the enforcement of the portions of the 1945 and 1949 *134 amendments complained of in this ease. Except to that extent, the judgment of the Court of Appeals is affirmed, and the cause is remanded to that court for such modification of its judgment.

Judgment modified and, as modified, affirmed.

Weygandt, C. J., Zimmerman and Peck, JJ., concur.
Matthias and Herbert, JJ., dissent.
Bell, J., not participating.