### Wehri
### v.
### Countrymark, Inc.
[Cite as 3 AOA 83]

*Case No. 1-89-13*
*Allen County, (3rd)*
*Decided May 21, 1990*

Mr. Thomas G. Papps, Mr. Thomas M. Connolly, Attorneys at Law, 1258 Sylvania Avenue, Toledo, Ohio 43612, For Appellants.

Messrs. Bugbee & Conkle, Mr. Tybo Alan Wilhelms, Mr. Robert P. King, Attorneys at Law, 1301 Toledo Trust Building, Toledo, Ohio 43604, for Appellee.

GUERNSEY, J.

These two cases, though not consolidated in the lower court were heard together on motions

of the defendants, Countrymark, Inc, for summary judgment and on the same evidentiary documentation. Plaintiffs Dennis Wehri and Alphonse Averesch were for many years and at all times here involved employees of defendant Countrymark at its plant located in Lima, Ohio, where it was engaged in the receiving and shipping of grain and the milling and processing of grain and additives into animal feed, some of which was shipped in bulk and other of which was bagged and then shipped. On July 29, 1987, while working in the feed grain portion of the plant, each of these plaintiffs suffered severe injuries, primarily by burning, when two quickly consecutive fiery explosive blasts traveled through the plant. Other workers were also injured as well as the two top managerial personnel on site, namely plant manager Sam Kimple and plant superintendent Fran Stechschulte.

Wehri and Averesch, together with their respective wives who joined them as plaintiffs to recover damages for loss of consortium, commenced separate actions in the Court of Common Pleas of Allen County, to establish the liability of their employer to them for intentional tort. Before the cases arrived at the trial stage Countrymark filed its motion for summary judgment in each case. The motions were determined by the lower court on the memoranda of the parties in support of and contra the motions, on the depositions of the injured plaintiffs and their respective wives, on the affidavits of the injured plaintiffs, on the affidavits of co-employees of the injured plaintiffs, on the affidavits of local management and union personnel, and on the affidavit the defendant company's overall manager of its elevator and feed mill operations.

In its decision the trial court found applicable the provisions of R.C. 4121.80, effective August 22, 1986 (prior to the explosions), found that the facts do not establish the commission of an intentional tort as defined by R.C. 4121.80(G), in that there was no showing that defendant either intended to cause an explosion or believed that an explosion was substantially certain to occur and injure employees at its Lima facility, found that the claims for loss of consortium are barred by the application of R.C. 4121.80(A) as well as by the facts that such claims are derivative to, and dependent upon, recovery in the husband's action. Accordingly, the lower court entered summary judgment in each case dismissing the complaint.

It is from these summary judgments that the appeals were taken by the respective plaintiffs and though these appeals were not consolidated for all purposes they have been briefed together and heard together.

The plaintiffs assign error of the lower court (1) in granting summary judgment contrary to the requirements of Civ. R. 56(C), (2) in the interpretation of the requirements of R.C. 4121.80, and particularly subsection (G) thereof, by failing to consider the deliberate removal of the safety guards by the employer and the affidavits relative thereto, and (3) and in holding that R.C. 4121.80 is constitutional.

Plaintiffs have not separately argued and separately disposed of each of these assignments of error and we will treat them separately only to the extent that it meets our convenience. We find it convenient to initially dispose of the issue raised as to constitutionality. First, the issue of constitutionality was not raised in the trial court and that court did not make any specific ruling as to the constitutionality of R.C. 4121.80. Secondly, as to the cause of action of each injured plaintiff the complaint "prays judgment of liability and award against the Defendant as provided in 4121.80 of the Ohio Revised Code," and in resisting the motion for summary judgment and in their brief on appeal plaintiffs rely heavily on the provisions of the second paragraph of R.C. 4121.80(G). A claim of unconstitutionality of a statute while relying thereon are wholly inconsistent positions. Finally, in the view we hereafter take of the rights of the injured plaintiffs to recover, i.e., that no right to recover appears, such conclusion forecloses any derivative right of their respective wives to recover for loss of consortium and the issue of constitutionality becomes wholly moot. It is basic to trial as well as appellate practice that no statute will be held unconstitutional when the issues raised can be disposed of without determining the issue of constitutionality. *State, ex rel. Lieux* v. *Village of Westlake*, 154 Ohio St. 412. We find the third assignment of error wholly without merit.

As relates to the issues of liability, R.C. 4121.80 prescribes:

"(A) If injury * * * results to any employee from the intentional tort of his employer, the employee or the dependents of a deceased employee have the right to receive workers' compensation benefits under Chapter 4123. of the Revised Code and have a cause of action against the employer for an excess of damages over the amount received or receivable under Chapter 4123. of the Revised Code and Section 35 of Article II, Ohio Constitution, or any benefit or

amount, the cost of which has been provided or wholly paid for by the employer. * * *

"* * *

"(G) As used in this section:

"(1) 'Intentional tort' is an act committed with the intent to injure another or committed with the belief that the injury is substantially certain to occur.

"Deliberate removal by the employer of an equipment safety guard or deliberate misrepresentation of a toxic or hazardous substance is evidence, the presumption of which may be rebutted, of an act committed with the intent to injure another if injury or occupational disease or condition occurs as a direct result.

"'Substantially certain' means that an employer acts with deliberate intent to cause an employee to suffer injury, disease, condition, or death.

"'Employer,' 'employee,' and 'injury' have the same meanings given those terms in section 4123.01 of the Revised Code.

"* * * "

Although there is no doubt that the plaintiff employees were injured as the result of consecutive explosions, there is nothing in the evidentiary documentation to make a conclusive causative connection of those explosions with "the intentional tort of an employer." Grain elevators and other buildings in which grain is processed are notoriously prone to grain dust explosions to the extent that judicial notice might be taken of such fact. However, even in the face of such fact, the mere presence of grain dust, which in our opinion was sufficiently established by the evidentiary documentation, does not, without ignition, cause an explosion, and the evidence is lacking as to what ignited the grain dust. It is true that in the record there are OSHA investigator's notes submitted by the plaintiffs which show a number of possibilities, but such possibilities are merely speculative and the notes were not offered in such manner that they were entitled to consideration in a summary judgment proceeding.

However, ignoring these problems as to causation, the principal thrust of plaintiff's position is that the evidence shows that the employer deliberately removed safety guards at its plant, thus raising a presumption, under the second paragraph of R.C. 4121.80(G)(1), of an act committed with the intent to injure another.

The liability created by R.C. 4121.80(A) for an intentional tort of an employer relates to intentional tort as defined by the first paragraph of subdivision (G)(1) as an "act committed with the intent to injure another or committed with the belief that the injury is substantially certain to occur." Thus, by definition an "intentional tort" is *either* (1) an act committed with the intent to injure another, *or* (2) an act committed with the belief that the injury is substantially certain to occur.

The second paragraph of subdivision (G)(1) (ignoring its application to toxic or hazard substances) is essentially a rule of evidence, i.e., that evidence of deliberate removal by the employer of an equipment safety guard raises a *rebuttable* presumption that such act constitutes an act committed with the intent to injure another if injury or occupational disease or condition occurs as a direct result. This rebuttable presumption relates solely to the first definition of intentional tort, and has nothing to do with the second. On the other hand the third paragraph of subdivision (G)(1) dealing with the definition of "substantially certain" relates only to the second definition of intentional tort, relates to deliberate intent and has nothing to do with the first definition of intentional tort. We are not first concerned with the second definition of intentional tort or the definition of substantially certain, for, as we have previously noted, the plaintiffs have placed their reliance wholly on the rebuttable presumption raised by the removal of equipment safety guards.

Plaintiff claims the following alleged actions of the employer as constituting the removal of equipment safety guards:

"1. The fact that most, if not all, of the dust collectors throughout the plant were inoperative or defective at the time of the explosion permitting dust buildup throughout the plant.

"2. The removal of a spray machine at the unloading dock which had sprayed a thin mist of mineral oil onto the grain as it entered the plant to prevent the spread of dust.

"3. The removal of magnets positioned at the unloading dock for the purpose of extracting tramp iron from arriving grain.

"4. The elimination of sweepers in the plant, either by termination of their employment or by transfer to other duties, so that at the time of the explosions there were no sweepers performing any housekeeping duties."

Although all of these acts except the removal of magnets, whether accomplished by a predecessor of defendant employer or by defendant employer, may have contributed to the buildup of grain dust in the plant, none of these factors, including the removal of the magnets, constitut-

ed in our opinion the "removal by the employer of an equipment safety guard." An equipment safety guard is a device placed on equipment to prevent an employee from being drawn into or injured by that equipment. As examples we think of screens over moving belts or over moving gears and pulleys, and of presses which can only be activated by an employee by pressing one or more switches positioned so that no part of the employee will be in the path of the presses action when the employee operates the switches.

None of the four items above are of that character. They do not protect an employee from equipment, but, except for the magnets, are for the purpose of improving the working environment, protecting the employees health, and eliminating explosions by reducing dust buildup. Although the magnets may have an incidental purpose of reducing explosions, it is just as likely, if not more so, that their purpose is to keep tramp iron out of the product and out of machinery which may be damaged thereby.

An equally important conclusion to that of the four items not constituting equipment safety guards is the conclusion that the evidentiary documentation makes no showing whatever of the statutory requirement that any one or more of these four conditions *directly resulted,* in and of itself, in the injuries incurred by the plaintiffs.

Accordingly, we find that the evidentiary presumption "of an act committed with the intent to injure another" never arose. In that the presumption did not arise and we also find no evidence in the evidentiary documentation showing without the presumption that the defendant employer committed any act with the intent to injure the plaintiff employees, we are compelled to find that an intentional tort as defined by the first definition under the first paragraph of R.C. 4121.80(G)(1) never occurred.

Although there is much evidence upon which negligence of the employer might be found and evidence that the employer knew through its on site managing agents that acts imputable to the employer were placing the plaintiff employees at risk we find no proof in the evidentiary documentation that any of the acts were being committed with the belief of the employer through its on site managing agents that the injuries here involved were substantially certain to occur, with "substantially certain" meaning that the employer acted with deliberate intent to cause the plaintiff employees to suffer injury. It is not likely that the on site managers, who were also injured by the explosions, would commit acts chargeable to the employer causing the explosions, with the belief, also belief, also imputable to their employer, that injury to the plaintiff employees (as well as themselves) was substantially certain to occur.

We therefore find that there was no showing of any liability of the defendant employer for the injuries received by the plaintiff employees. Finding so, we further find that there was no showing of any derivative liability of the employer to the plaintiff wives for their claimed loss of consortium even if such cause of action were not denied to them by the provisions of R.C. 4121.80. Accordingly, we find no error of the lower court prejudicial to the plaintiffs in any of the particulars assigned and argued, and conclude that the lower court's summary judgments in favor of the defendant employer must be affirmed.

Finally, in its brief, without motion, the defendant employer requests that this court order plaintiffs to pay defendant's reasonable costs, including attorney fees, in being forced to defend a frivolous appeal. In our opinion the appeals were not frivolous and the request is denied.

*Judgment affirmed.*

BRYANT, P.J. and COLE, J., concur.