In Village of Westlake v. Elrick (Ohio App.),83 N.E.2d 646, the Cuyahoga county Court of Appeals held that this ordinance "as applied to the facts in" that case and to the conviction there involved was "invalid and a violation of" certain constitutional provisions. However, that case did not involve violation of those provisions of the zoning ordinance which are involved in the instant case. The opinion of the Court of Appeals shows that the ordinance was held invalid only as it applied to the facts in that case.
The zoning ordinance of the village divided the village into "A" residence districts, "B" residence districts, "C" residence districts, local business districts, main business districts and industrial districts, as delineated on the zoning map which was made a part *Page 414 
of the zoning ordinance. However, as to the portions of the village designated on that map as "A" and "B" residence districts, it is impossible to determine what portions are only "A" residence districts and what portions are only "B" residence districts; and, as to the portions designated as local and main business districts, it is impossible to determine from the map what portions are only local business districts and what portions are only main business districts.
Obviously, where provisions of the zoning ordinance apply only to an "A" residence district, it is impossible, from an examination of the map, to determine the applicability of such provisions to any portion of the village. The same is true with respect to provisions made applicable by the terms of the ordinance only to a "B" residence district, provisions made applicable only to local business districts, and provisions made applicable only to main business districts.
However, the provisions of the ordinance, relied upon by the building commissioner in denying the permit to relator, prohibit a commercial greenhouse in both "A" and "B" residence districts. It is conceded that the property, upon which relator seeks to construct a commercial greenhouse, is located in territory designated on the zone map as in an "A" and "B" residence district. There is, therefore, no difficulty in determining, in the instant case, that the zoning ordinance does prohibit a commercial greenhouse in the territory where relator seeks to construct such a greenhouse.
The zoning ordinance provides in part:
"No commercial greenhouse shall be erected in a residence district unless a special permit is obtained from the Board of Appeals. The Board of Appeals shall have the right to issue a special permit for the construction of a commercial greenhouse in a residence district if, after a public hearing, the Board of *Page 415 
Appeals finds that a commercial greenhouse will not be seriously detrimental to the character of the district in question. The Board of Appeals, before issuing a special permit for the construction of a commercial greenhouse in a residence district, shall give five days notice of the time and place of hearing objections * * *."
It is admitted that relator did not apply to the Board of Appeals for the special permit authorized by the foregoing-quoted portion of the ordinance.
It is a fundamental principle of law that constitutional questions will not be decided until the necessity for their decision arises. State, ex rel. Herbert, v. Ferguson, Aud.,142 Ohio St. 496, 52 N.E.2d 980; Village of Strongsville v.McPhee, 142 Ohio St. 534, 53 N.E.2d 522; Rucker v. State,119 Ohio St. 189, 162 N.E. 802. In the instant case, if the relator had followed the administrative remedy provided for in the ordinance, the village Board of Appeals might have given her a special permit. If such special permit were given to relator, then relator would not be prejudiced by the zoning ordinance which she seeks to have declared unconstitutional. Whether it will ever be necessary for this court to consider the constitutionality of this zoning ordinance, in order to determine relator's right to a building permit, cannot be determined until relator has exhausted the administrative remedies provided for by that ordinance. Cf. Belden v. Union Central Life Ins. Co.,143 Ohio St. 329, at 352, 55 N.E.2d 629; State, ex rel. Kittel,a Taxpayer, v. Bigelow, 138 Ohio St. 497, 37 N.E.2d 41;State, ex rel. Marcolin, v. Smith, Secy. of State, 105 Ohio St. 570,138 N.E. 881; Pfeifer v. Graves, Secy. of State, 88 Ohio St. 473,104 N.E. 529; City of Cincinnati v. Hillenbrand,103 Ohio St. 286, 133 N.E. 556.
Relator argues that the above-quoted provisions of the ordinance, authorizing the Board of Appeals to *Page 416 
issue such special permit, are unconstitutional because they involve a delegation of legislative power to the board. But seeL. M. Investment Co. v. Cutler, 125 Ohio St. 12,180 N.E. 379. However, until the board refuses to issue a special permit to relator, she will not be injured by any unconstitutionality of those provisions. Until then, she will not be in a position to question the constitutional validity of those provisions.
Of course, if relator should then ask the courts to decide that the board, in denying her relief, failed to follow or to properly apply those provisions, she would be seeking to have those provisions enforced and might not be able to attack their constitutionality. See State, ex rel. Synod of Ohio, v. Joseph,139 Ohio St. 229, 39 N.E.2d 515. However, her efforts, merely to exhaust the administrative remedies provided by the zoning ordinance, would certainly not operate to prejudice her in questioning later the constitutional validity of any part of the ordinance. Carter v. City of Bluefield, — W. Va., — ,54 S.E.2d 747; Arverne Bay Construction Co. v. Thatcher, 278 N.Y. 222, 15 N.E.2d 587, 117 A.L.R., 1110; Metcalf v. County ofLos Angeles, 24 Cal.2d 267, 148 P.2d 645. See State, exrel. Cline, Pros. Atty., v. Vail, 84 Ohio St. 399, 95 N.E. 911;Mott v. Hubbard, Treas., 59 Ohio St. 199, 53 N.E. 47. See, also, annotation, 136 A.L.R., 1378, at 1391 to 1396, inclusive.
Relator argues further that those provisions of the ordinance relating only to "A" residence districts, those relating only to "B" residence districts, those relating only to local business districts and those relating only to main business districts cannot be given any effect because it is impossible to determine what is an "A" residence district, as distinguished from a "B" residence district, and what is a local business district, as distinguished from a main business district. With this we agree. Relator then argues that, if the *Page 417 
foregoing provisions of the zoning ordinance which cannot have any effect are eliminated from the ordinance, the zoning ordinance ceases to be a comprehensive zoning ordinance; and that, therefore, the zoning ordinance, as a whole, is unconstitutional. See City of Youngstown v. Kahn Bros. Bldg.Co., 112 Ohio St. 654, 148 N.E. 842.
In support of her contention that, where the whole ordinance is attacked as unconstitutional, it is not necessary first to apply to the Board of Appeals and thus exhaust the remedy provided by the zoning ordinance, relator relies upon Village of Euclid v.Realty Co., 272 U.S. 365, 71 L. Ed., 303, 47 S. Ct., 114. That case was an action to enjoin the enforcement of a zoning ordinance. The Supreme Court of the United States did hold that it was not necessary for the plaintiff in that case to exhaust its remedies under the ordinance before seeking such aninjunction. However, in support of that conclusion, the court pointed out that the effect of the ordinance, there claimed to be unconstitutional, was to reduce the value of the plaintiff's land and destroy its marketability. Without suggesting that such facts could be advanced in a mandamus proceeding such as this, we note that there are no allegations in the petition in the instant case and the facts do not disclose that this zoning ordinance will operate to reduce the value of relator's land or to destroy its marketability.
Our conclusion is that an applicant for a building permit, whose application is refused because of the provisions of a zoning ordinance, cannot secure a writ of mandamus, compelling the issuance of such permit on the ground that the ordinance as a whole is unconstitutional, without first exhausting administrative remedies provided by such ordinance, if such administrative remedies might enable her to secure such a permit. *Page 418 
While there are decisions in a few states, apparently holding to the contrary (annotation 136 A.L.R., 1378, at 1388 to 1391, inclusive), the courts rendering those decisions have apparently failed to recognize, as the decisions of this court hereinbefore referred to have recognized, "the general principle that one who invokes the power of the court to declare a statute or ordinance unconstitutional must be able to show that he has sustained, or is in immediate danger of sustaining, some direct injury as a result of the enforcement of the legislation." Id., at 1380.
It follows that the judgment of the Court of Appeals must be reversed.
Judgment reversed.
ZIMMERMAN, STEWART, MATTHIAS and HART, JJ., concur.
WEYGANDT, C.J., and MIDDLETON, J., not participating.