Per Curiam.

The case has been submitted on the board’s motion to dismiss the appeal. Two grounds for the motion are that the question presented has become moot, and that Maranze brought the action in his own name rather than in the name of the state.
The election having been held on November 5, 1957, and commissioners having been elected, the question presented in the petition with respect to mandamus has become moot.
Furthermore, Maranze, having failed to exhaust his statutory administrative remedy of filing a protest to the nominating petitions (see Section 3513.262 et seq., Revised Code), cannot maintain this action as to mandamus. State, ex rel. Lieux, v. Village of Westlake, 154 Ohio St., 412, 96 N. E. (2d), 414.
As to quo warranto, the action should have been brought in the name of the state, not in the name of an individual. Section 2733.01, Revised Code; State, ex rel. Hogan, Atty. Genl., v. Hunt, Pros. Atty., 84 Ohio St., 143, 95 N. E., 666; State, ex rel. Heer, v. Butterfield, 92 Ohio St., 428, 111 N. E., 279. Furthermore, Section 2733.06, Revised Code, permitting a private person to bring an action in quo warranto is not applicable to the instant case as Maranze is not1 ‘ claiming to be entitled to a public office unlawfully held and exercised by another. ’ ’
The motion to dismiss the appeal is, therefore, sustained, and the appeal is dismissed.

Appeal dismissed.

Weygandt, C. J., Zimmerman, Stewart, Taet, Matthias, Bell and Herbert, JJ., concur.