NOERNBERG, APPELLEE, *v.*
CITY OF BROOK PARK ET AL., APPELLANTS.

[Cite as Noernberg v. Brook Park (1980),
63 Ohio St. 2d 26.]

(No. 79-1427—Decided July 2, 1980.)

---

*Ticktin, Baron, Kabb & Co., L.P.A.,* and *Mr. Russell Z. Baron,* for appellee.

*Mr. Don C. Iler,* for appellants.

STRAUSBAUGH, J.   The order of the Civil Service Commission denying appellee permission to move outside the city and the order suspending appellee for violating the order of the commission pending an appeal to the Court of Common Pleas are separate and distinct administrative orders, giving rise to separate and distinct avenues of appeal. The relief which firefighter Noernberg sought in appealing the hard-

ship decision of the commission was permission to move outside Brook Park without losing his job. As a practical matter, the appeal became moot when appellee moved outside the city prior to the disposition of his appeal. The only purpose to be served by pursuing the appeal was to obtain a declaration of appellee's right to move because of a bona-fide hardship and thereby enable appellee to successfully counter any attempt to fire him.

Obviously, the issue of appellee's suspension and the initial denial of hardship status by the commission are interrelated. It was the judgment of the Court of Common Pleas that the commission should have granted appellee permission to move outside Brook Park. As a result of the commission's error, appellee was faced with a choice between enduring a living space hardship but keeping his job or moving and risk losing his job. Appellee chose to move.

Appellee was not content to await the process of the appeal which he had instigated and chose to violate the city residency rule without receiving permission from the commission, prior to the reversal of the commission. He was therefore subject to dismissal or suspension. The city should not be required to postpone the suspension of a city worker who has violated the city residency requirement and ignored the finding of the Civil Service Commission, pending the exhaustion of all possible appeals.

However, if an employee's indefinite suspension or dismissal is based solely on a violation of residency requirement, and that residency requirement was improperly imposed upon the employee as was found below, the employee may preserve the right to have the suspension overturned simply by appealing the suspension. Had appellee in this case filed and pursued an appeal of the suspension order, he would have been entitled to reinstatement. The crucial issue in this case is what rights does appellee have in light of his failure to appeal his suspension.

It is a well-established principle of Ohio law that, prior to seeking court action in an administrative matter, the party must exhaust the available avenues of administrative relief through administrative appeal. *State, ex rel. Lieux,* v. *Westlake* (1951), 154 Ohio St. 412. Because appellee in this

case did not appeal his suspension order, the Court of Common Pleas was without jurisdiction to review and reverse the suspension order. The only issue that could have been considered by the Court of Common Pleas was whether the Civil Service Commission's determination was proper.

Appellee contends that once the hardship determination was reversed, the administrative decision to the contrary became a nullity thus destroying the basis for appellee's suspension. In support of this contention, appellee cites *State, ex rel. Republic Steel Corp.,* v. *Environmental Bd. of Review* (1978), 54 Ohio St. 2d 75.

Whether the hardship determination is a nullity is irrelevant to the trial court's jurisdiction over appellee's suspension. Appellee's position, no matter how compelling, cannot vest jurisdiction in the Court of Common Pleas once appellee has failed to initiate appeal proceedings from his suspension. To deny appellee his reinstatement due to his failure to properly appeal his suspension does not exalt form over substance any more than the various other jurisdictional filing requirements.

Accordingly, the judgment of the Court of Appeals which affirmed the order of the Court of Common Pleas reinstating appellee with back pay is reversed.

*Judgment reversed.*

CELEBREZZE, C. J., HERBERT, W. BROWN, P. BROWN, SWEENEY and LOCHER, JJ., concur.

STRAUSBAUGH, J., of the Tenth Appellate District, sitting for HOLMES, J.