PORTER, Appellant,

v.

OHIO DEPARTMENT OF ADMINISTRATIVE SERVICES, Appellee.

[Cite as *Porter v. Ohio Dept. of Adm. Serv.* (1990), 70 Ohio App.3d 240.]

Court of Appeals of Ohio,
Franklin County.

No. 90AP–563.

Decided Nov. 8, 1990.

*Lucas, Prendergast, Albright, Gibson & Newman* and *James E. Melle,* for appellant.

*Anthony J. Celebrezze, Jr.,* Attorney General, and *Gregg H. Bachmann,* for appellee.

STRAUSBAUGH, Judge.

This is an appeal by appellant from a judgment of the Franklin County Court of Common Pleas which dismissed her appeal from a decision of the State Personnel Board of Review ("board") sought pursuant to R.C. 119.12. The trial court granted appellee's motion to dismiss appellant's appeal on the basis that appellant had failed to exhaust her administrative remedies and therefore the trial court lacked jurisdiction.

On August 3, 1989, appellant, Diane G. Porter, filed an administrative appeal with the board alleging that appellee, Department of Administrative Services, had refused to reclassify her from her current position as an attorney 3 to an attorney 5, and that such refusal to reclassify amounted to a reduction in position. Appellee filed a motion to dismiss appellant's appeal before the board on the basis that it had taken no action to affect appellant's classification and that appellant had not invoked the proper administrative remedy. On October 19, 1989, the board adopted an administrative law judge's report and recommendation and ordered that appellant's appeal be dismissed. On October 25, 1989, appellant then appealed the board's order to the Franklin County Court of Common Pleas. Appellee filed a motion to dismiss appellant's appeal in the trial court, which was unopposed, and on March 21, 1990, the trial court sustained appellee's motion. Appellant filed a motion for reconsideration on April 2, 1990, which the trial court found to be without merit.

On appeal, appellant has set forth the following assignments of error:

"I. The court of common pleas erred:

"A. In finding that appellant failed to exhaust her administrative remedies;

"B. In finding that the court was without jurisdiction to consider this Section 119 and Chapter 124 appeal;

"II. Under the facts and circumstances of this case it is unnecessary for the appellant to have filled out a 'form' requesting a job audit in order to be reclassified as an attorney 5.

"III. Where all the facts and evidence established that an employee is entitled to be reclassified to a higher classification, it is error for the board to review and the trial court to fail to order that reclassification.

"IV. The order of the state personnel board of review is not supported by reliable, probative or substantial evidence and is not in accordance with law."

While much of appellant's argument addresses the merits of her claim for reclassification, we find that the only assignment pertinent to the trial court's judgment from which appellant now appeals is her first assignment of error

alleging that the trial court does indeed have jurisdiction to entertain appellant's appeal from the board. It is clear that before appellant may seek redress in a court, she must exhaust available administrative remedies. As was stated by the Supreme Court of Ohio in *Noernberg v. Brook Park* (1980), 63 Ohio St.2d 26, 17 O.O.3d 16, 406 N.E.2d 1095:

"It is a well-established principle of Ohio law that, prior to seeking court action in an administrative matter, the party must exhaust the available avenues of administrative relief through administrative appeal. *State, ex rel. Lieux, v. Westlake* (1951), 154 Ohio St. 412 [43 O.O. 343, 96 N.E.2d 414]. * * *" *Id.* at 29, 17 O.O.3d at 18, 406 N.E.2d at 1097.

In the present case, it appears that appellant failed to exhaust available administrative remedies. Specifically, we note that appellant could request a job audit pursuant to R.C. 124.14(E), which provides, in pertinent part:

" * * * Upon the request of any classified employee who is not serving in a probationary period, the director shall perform a job audit to review the classification of the employee's position to determine whether the position is properly classified. The director shall give to the employee affected and to his appointing authority a written notice of the director's determination whether or not to reclassify the position or to reassign the employee to another classification. An employee or appointing authority desiring a hearing shall file a written request therefor with the state personnel board of review within thirty days after receiving the notice. The board shall set the matter for a hearing and notify the employee and appointing authority of the time and place of the hearing. The employee, appointing authority, or any authorized representative of the employee who wishes to submit facts for the consideration of the board shall be afforded reasonable opportunity to do so. After the hearing, the board shall consider anew the reclassification and may order the reclassification of the employee and require the director to assign him to such appropriate classification as the facts and evidence warrant. * * *"[1]

The record demonstrates that appellant failed to properly invoke the job audit provisions of R.C. 124.14(E) prior to her initial appeal to the board.[2] This failure to exhaust her administrative remedies supports the trial court's decision to dismiss appellant's appeal on the basis that it lacked jurisdiction. See *Noernberg, supra.* While appellant's second assignment of error appears to state that compliance with administrative procedures would have been futile, we find no support for such an argument in the record.

---

1. R.C. 124.14 has since been amended and the foregoing is now embodied in R.C. 124.14(D).

2. We note that at oral argument appellant stated that she has now filed a request for a job audit.

We find appellant's first assignment of error to be dispositive of her appeal and it is not well taken and is overruled. As the remaining assignments of error raised by appellant address the merits of her claim which the board has yet to consider, and as we do not reach the merits, we find those assignments of error to be premature, and they are therefore overruled. Based on the foregoing, the judgment of the trial court is hereby affirmed.

*Judgment affirmed.*

PEGGY BRYANT and LOUDEN, JJ., concur.

THOMAS E. LOUDEN, J., of the Delaware County Court of Common Pleas, sitting by assignment.