DECISION AND JUDGMENT ENTRY
{¶ 1} This is an appeal from the judgment of the Lucas County Court of Common Pleas which dismissed the complaint filed by appellants, Al-Sadeq Islamic Education Center ("Al-Sadeq") and Monroe Academy of Toledo ("the Academy"), against appellee, Lucas County Educational Services Center ("LCESC"). For the following reasons, we affirm the decision of the trial court.
 {¶ 2} The pertinent facts are as follows. The Academy, a non-profit corporation pursuant to R.C. Chapter 1702, was established as a community school to provide elementary school education to bi-lingual children whose primary language at home was not English. On September 9, 1999, the Academy entered into a contract with LCESC to operate its community school on "a pilot project basis." Pursuant to their agreement, LCESC was designated the Academy's sponsor. The contract contained the following provisions:
 {¶ 3} "7. Dispute Resolution. In the event of a dispute between [LCESC] and [the Academy] regarding either any term of this Contract or any community school issue, the parties shall each designate a person to resolve the dispute. In the event the designated persons and any dispute resolution procedure agreed to by the parties cannot resolve the dispute, the matter shall be submitted to the Superintendent of [LCESC] or his/her designee for decision. The decision by the Superintendent or his/her designee is final and binding. Any appeal of the decision of the Superintendent or his/her designee shall be to the Lucas County Common Pleas Court as if it were an appeal from a decision of an arbitrator.
 {¶ 4} "8. Term. This Contract shall be for an initial term commencing on the date of execution of this contract and ending on June 30 of the year following the date of execution of this Contract. Thereafter, the Contract is extended for additional one year terms from July 1 to June 30 unless either party notified the other in writing at least sixty (60) days prior to June 30 that it does not wish to renew the Contract. In no event shall this Contract extend beyond June 30, 2002. The [Academy's] financial obligations under this Contract survive termination, non-renewal, and expiration. [LCESC] may chose not to renew a contract for any reason or may choose to terminate a contract at any time for any of the following reasons:
 {¶ 5} "a. Failure to meet student performance requirements stated in this Contract;
 {¶ 6} "b. Failure to meet generally accepted standards of fiscal management;
 {¶ 7} "c. Violation of any provision of this Contract or applicable state or federal law; and
 {¶ 8} "d. Other good cause.
 {¶ 9} "A termination shall be effective only at the conclusion of the instructional year.
 {¶ 10} "At least sixty (60) days prior to the termination or non-renewal of this Contract, [LCESC] shall notify [the Academy] of the proposed action in writing. Receipt of notice by the Chief Administrative Officer or a member of the governing board of the school shall be conclusively deemed to constitute receipt of notice to [the Academy]. The notice shall include the reasons for the proposed action in detail. [The Academy] may, within fourteen (14) calendar days of receiving the notice, request an informal hearing before [LCESC]. A decision by [LCESC] to terminate this Contract may be appealed only to the State Board of Education. The decision of the State Board of Education is final."
 {¶ 11} Fleming A. El-Amin was employed by the Academy as the director/principal of the Academy. El-Amin, however, was never served with a copy of the complaint and the action against him was dismissed without prejudice on April 7, 2003. Therefore, El-Amin is not a party to this appeal.
 {¶ 12} On April 30, 1999, Al-Sadeq entered into an agreement to lease property, located at 4206 Monroe Street, from Zein Ismail for one year, commencing June 1, 1999 and ending June 30, 2000. On September 14, 1999, Al-Sadeq subleased the property, to be used as a school facility, to the Academy for one year, commencing on June 1, 1999. Al-Sadeq asserted in its complaint that it also contracted with Ismail to make improvements to the premises in order to comply with the requirements of the contract between the Academy and LCESC.
 {¶ 13} According to appellants' complaint, on or about February 20, 2000, LCESC notified the Academy that it was terminating the sponsorship contract. Appellants alleged in their complaint, filed June 28, 2002, that LCESC wrongfully terminated its contract with the Academy. Due to LCESC's alleged breach of contract and breach of promise, appellants sought reimbursement from LCESC for the cost of renovating the premises, to comply with the requirements for a community school as set forth in the contract, and for rent paid for the premises for approximately six to eight months when appellants were unable to use it.
 {¶ 14} On August 26, 2002, LCESC filed a motion to dismiss appellants' complaint, pursuant to Civ.R. 12(B)(1). LCESC argued that appellants' causes of action arose as a result of LCESC's termination of its contract for a community school with the Academy. Termination of a community school's contract is governed by R.C. 3314.07, which states, in part:
 {¶ 15} "A decision by the sponsor to terminate a contract may be appealed to the state board of education. The decision by the state board pertaining to an appeal under this division is final. If the sponsor is the state board, its decision to terminate a contract under division (B)(3) of this section shall be final." R.C. 3314.07(B)(4).
 {¶ 16} LCESC argued that the dispute must be resolved by an appeal to the State Board of Education, that appellants did not allege in their complaint that such was done, and that appellants' failure to exhaust their administrative remedies divested the Lucas County Court of Common Pleas of jurisdiction. Appellants responded that LCESC's argument was mistakenly based on the assumption that appellants' complaint challenged or otherwise disputed the termination of the Academy's contract as a community school. Rather, appellants argued, the "complaint [was] based on breach of contract claims and detrimental reliance for the period of time that the contract between the parties was in effect." Appellants further argued that they were not challenging the Academy's termination, rather, they were "seeking contractual damages for repairs and renovations made to the building for the purposes of complying with the statutory and contractual requirements of operating a community school."
 {¶ 17} On March 4, 2003, the trial court granted LCESC's motion to dismiss, finding that the court lacked jurisdiction because appellants failed to exhaust their administrative remedies. Appellants appealed the judgment of the trial court and raise the following assignments of error:
 {¶ 18} "1. The trial court failed to follow the proper standard in dismissing the appellants' complaint.
 {¶ 19} "2. The relief sought by the appellants fell outside the State Board of Education's authority to grant it and therefore it was incumbent on the appellants to seek relief in the common pleas court."
 {¶ 20} We will consider appellants' assignments of error together. Appellants argue in their first assignment of error that the trial court applied the wrong bases for granting LCESC's motion to dismiss. Appellants assert that Civ.R. 12(B)(6) (failure to state a claim upon which relief can be granted), rather than Civ.R. 12(B)(1) (lack of jurisdiction over the subject matter), applies to the facts in this case. In their second assignment of error, appellants argue that because the relief sought in their complaint was for breach of contractual terms regarding expenses they incurred with respect to renovations to the premises, as opposed to a challenge of the termination of the contract between LCESC and the Academy, the relief sought by them fell outside the State Board of Education's authority and, therefore, "it was incumbent on the appellants to seek relief in the common pleas court." We disagree.
 {¶ 21} In Nemazee v. Mt. Sinai Med. Ctr., 56 Ohio St.3d 109, the Ohio Supreme Court held that a party must exhaust all administrative remedies prior to seeking court action. Nemazee at 111-112. Failure to exhaust all available avenues of administrative relief raises issues of jurisdiction and warrants dismissal of the complaint pursuant to Civ.R. 12(B)(1). Id. at fn.3. See, also, Noernberg v. Brook Park (1980),63 Ohio St.2d 26, syllabus; and Crenshaw v. Lucas Cty. Dept. of HumanServs. (May 22, 1998), Lucas App. No. L-97-1440. In addition, the Ohio Supreme Court held that the dismissal of a case on the basis of jurisdictional issues is also dispositive of a motion made under Civ.R. 12(B)(6). Nemazee at fn.3.
 {¶ 22} In Nemazee at 111-112, the Ohio Supreme Court described the exhaustion-of-administrative-remedies doctrine as follows:
 {¶ 23} "`It is a well-established principle of Ohio law that, prior to seeking court action in an administrative matter, the party must exhaust the available avenues of administrative relief through administrative appeal.' Noernberg v. Brook Park (1980), 63 Ohio St.2d 26,29, * * * (citing State, ex rel. Lieux, v. Westlake [1951],154 Ohio St. 412, * * *). In Ohio, the exhaustion-of-administrative-remedies doctrine is a court-made rule of judicial economy. See G.S.T. v. Avon Lake (1976), 48 Ohio St.2d 63, 65, * * *. As the United States Supreme Court has stated, `[e]xhaustion is generally required as a matter of preventing premature interference with agency processes, so that the agency may function efficiently and so that it may have an opportunity to correct its own errors, to afford the parties and the courts the benefit of its experience and expertise, and to compile a record which is adequate for judicial review.' Weinberger v.Salfi (1975), 422 U.S. 749, 765. The purpose of the doctrine ` * * * is to permit an administrative agency to apply its special expertise * * * and in developing a factual record without premature judicial intervention.' Southern Ohio Coal Co. v. Donovan (C.A. 6, 1985),774 F.2d 693, 702. The judicial deference afforded administrative agencies is to ` * * * "prepare the way, if the litigation should take its ultimate course, for a more informed and precise determination by the Court * * *.'" Ricci v. Chicago Mercantile Exchange (1973), 409 U.S. 289, 306."
 {¶ 24} Nemazee additionally held that the "exhaustion-of-administrative-remedies doctrine" applies even in situations where the required administrative procedures were contractual, as opposed to statutory. Nemazee at 114.
 {¶ 25} In this case, pursuant to both the terms of the contract and R.C. 3314.07, the Academy was required to pursue certain administrative procedures in the event that it disputed LCESC's termination of its contract. In addition, pursuant to the terms of the contract, in the event that a dispute existed between LCESC and the Academy, regarding either any term of the contract or any community school issue, other specific administrative procedures were required to be followed. Accordingly, we find that regardless of whether the Academy seeks damages as a result of the contract's termination or because reimbursement for renovations were allegedly required under the terms of the contract, certain administrative procedures first had to be exhausted.
 {¶ 26} With respect to Al-Sadeq, we note that it was not a party to the contract between the Academy and LCESC. Nevertheless, assuming for the sake of argument that it could assert a breach of contract claim against LCESC for the costs of renovations and/or lost revenue, we find that Al-Sadeq's claim would only be as good as the Academy's. As such, we find that both appellants would be required to exhaust the specified administrative procedures prior to invoking the jurisdiction of the common pleas court. Appellants' complaint failed to allege that the required administrative procedures were exhausted.
 {¶ 27} Accordingly, based on the contents of the complaint and documents attached thereto, we find that the trial court correctly concluded that it lacked jurisdiction to entertain appellants' complaint and properly dismissed appellants' complaint pursuant to Civ.R. 12(B)(1). Appellants' first and second assignments of error are therefore found not well-taken.
 {¶ 28} On consideration whereof, the court finds substantial justice has been done the party complaining and the judgment of the Lucas County Court of Common Pleas is affirmed. Appellants are ordered to pay the court costs of this appeal.
Judgment Affirmed.
Mark L. Pietrykowski, J. and Judith Ann Lanzinger, J., concur.