DECISION AND JOURNAL ENTRY
{¶ 1} Plaintiff-Appellant Fiorello Portis has appealed the decision of the Summit County Court of Common Pleas that granted summary judgment in favor of Defendants-Appellees Metro Parks Serving Summit County. This Court affirms.
 I {¶ 2} On June 11, 2003, Plaintiff-Appellant Fiorello Portis ("Appellant") filed a complaint against Defendants-Appellees Metro Parks Serving Summit County and Susan L. Fairweather ("Appellees") alleging that: 1) he was not afforded his rights under R.C. 124.34; 2) race, age and gender discrimination in violation of R.C. 4112.02(A); and 3) intentional infliction of emotional distress and/or negligent infliction of emotional distress. Appellant also argued that he was entitled to compensatory and punitive damages as well as attorneys fees.
 {¶ 3} In January 2004, Appellant and Appellees filed motions for summary judgment. On April 12, 2004, the trial court denied Appellant's motion for summary judgment.
 {¶ 4} On July 2, 2004, Appellant filed a renewed motion for summary judgment on his claim that he was never lawfully terminated. The trial court denied said motion on August 9, 2004.
 {¶ 5} On August 12, 2004, the trial court granted Appellees' motion for summary judgment.
 {¶ 6} Appellant has timely appealed the trial court's decision, asserting three assignments of error. For ease of discussion, we have consolidated Appellant's assignments of error.
 II Assignment of Error Number One
"The trial court erred in holding that [appellant] had been lawfully terminated when his termination had not been ratified or approved by the [board] of defendant-appellee metro parks serving summit county, or subject to board oversight, and he had not been informed in his termination letter of his right to appeal his termination to the director-secretary and his right to further appeal his termination to the [Board]."
 Assignment of Error Number Two
"The trial court erred in overruling [appellant's] motion to amend his complaint, if necessary, to conform to the evidence, pursuant to CIV. R. 15(B)."
 Assignment of Error Number Three
"In granting [appellees'] motion for summary judgment on [appellant's] race and sex (gender) discrimination claims, the trial court erred in holding that [appellant], in opposing summary judgment, had not shown sufficient evidence that genuine issues of material fact were presented on the issue of pretext."
 {¶ 7} In his three assignments of error, Appellant has challenged the trial court's grant of summary judgment to Appellees and the trial court's denial of Appellant's request to amend his complaint. We affirm the decision of the trial court, albeit for reasons other than those relied upon by the trial court. See Joyce v. Gen. Motors Corp. (1990),49 Ohio St.3d 93, 96.
 {¶ 8} An appellate court reviews an award of summary judgment de novo. Grafton v. Ohio Edison Co. (1996), 77 Ohio St.3d 102, 105. This Court applies the same standard as the trial court, viewing the facts of the case in the light most favorable to the non-moving party and resolving any doubt in favor of the nonmoving party. Viock v.Stowe-Woodward Co. (1983), 13 Ohio App.3d 7, 12, certiorari denied (1986), 479 U.S. 948, 107 S.Ct. 433, 93 L.Ed.2d 383. Pursuant to Civ.R. 56(C), summary judgment is proper if:
"(1) No genuine issue as to any material fact remains to be litigated; (2) the moving party is entitled to judgment as a matter of law; and (3) it appears from the evidence that reasonable minds can come to but one conclusion, and viewing such evidence most strongly in favor of the party against whom the motion for summary judgment is made, that conclusion is adverse to that party." Temple v. Wean United, Inc. (1977),50 Ohio St.2d 317, 327.
 {¶ 9} Initially, we must note that it is undisputed that Appellant received an employee handbook. The record reflects that Appellant received the handbook and signed an employee handbook receipt and acknowledgement form. The form stated that Appellant "acknowledge[d] that [he] received the Metro Parks Employee Handbook, and that [he has] familiarized, or will familiarize, [himself] with its content." Appellant also admitted during his deposition that he received the employee handbook, signed the acknowledgement form, read the handbook and believed and understood that the handbook applied to him.
 {¶ 10} The employee handbook Appellant received and read contained an internal procedure to appeal an involuntary termination. Pursuant to the procedure:
"Administrative and salaried employees who have been involuntarily terminated from employment with Metro Parks may file a written appeal of the termination decision to the Director-Secretary within ten (10) days of being informed of the termination. The Director-Secretary will review the facts surrounding the employment termination and will issue a decision. The employee may submit a written statement of the reasons for the appeal. The decision of the Director-Secretary may be appealed by the employee to the Board of Park Commissions within ten (10) days of receipt of the decision of the Director-Secretary. The majority decision of the board shall be final."
 {¶ 11} A review of the record reveals that Appellant did not file an appeal to the Director-Secretary. In fact, the record is void of any evidence that Appellant ever attempted to discuss his termination with anyone from Metro Parks. Rather than follow the appeals/grievance procedure, Appellant filed suit in the court of common pleas.
 {¶ 12} Appellant has argued that Appellees should have informed him in his termination letter of his right to appeal. We disagree. Appellant admitted that he received the employee handbook, which contained the appeals procedure, and that he read the employee handbook. Appellees had no obligation to remind Appellant of his rights to appeal his termination. The appeal procedure was not hidden or confusing; rather it was clearly explained in the handbook. As an employee, Appellant had the responsibility to be aware of his rights and follow the proper procedures; Appellees were not responsible for Appellant's disregard for the employee handbook.
 {¶ 13} The exhaustion of administrative remedies doctrine is a wellestablished principle of Ohio law. Noernberg v. Brook Park (1980),63 Ohio St.2d 26, 29, citing State ex rel. Lieux v. Westlake (1951),154 Ohio St. 412, 415-16. Pursuant to Appellant's employee handbook, his internal administrative remedy was the appeal procedure to the Director/Secretary and then the Board of Park Commissions.
 {¶ 14} The purposes of the exhaustion doctrine are "to afford the [employer] the ability to correct its own errors; to provide a trial court with an adequate factual record upon which to make an informed decision * * *, and to promote judicial economy through the resolution of these disputes without the premature need for judicial intervention."Nemazee v. Mt. Sinai Medical Ctr., 56 Ohio St.3d 109, 114.
The Nemazee Court found that an employee who is discharged must exhaust all internal administrative remedies prior to seeking judicial review. Id. at syllabus.
 {¶ 15} Appellant's employee handbook informed him that he "may file a written appeal of the termination decision." As such, Appellant was provided with an internal administrative appellate procedure to address his termination.
 {¶ 16} This Court has previously interpreted "may" in statutes relating to administrative remedies as limitedly optional. In Pappas Associate Agency, Inc. v. State Automobile Mutual Insurance Co. (Jan. 7, 1998), 9th Dist. No. 18458, we found that a terminated employee faced with "may" in its administrative remedy had two options: 1) he could follow the administrative procedure; or 2) he could "forgo taking any further action on the matter." Id. at 4. Based on the doctrine of exhaustion, we found that a terminated employee "may not by-pass administrative review and file his claim directly in the common pleas court." (Emphasis sic). Id.
 {¶ 17} The Ohio Supreme Court in Nemazee was also presented with a "may" clause. It found that the plaintiff-appellant was required to first pursue his administrative remedies. Nemazee, 56 Ohio St.3d at 114. TheNemazee Court followed a history of the Ohio Supreme Court compelling exhaustion of administrative remedies even when the statute providing the remedy stated that the aggrieved party "may" pursue that remedy. SeeDanis Clark Landfill Co. v. Clark Cty. Solid Waste Mgt. Dist. (1995),73 Ohio St.3d 590, 599 fn.2 ("may file"); Bashore v. Brown (1923),108 Ohio St. 18, 22 ("owner may file his objections in writing with the county commissioners.").
 {¶ 18} Based on our previous interpretation of "may" in exhaustion of remedies' cases, we find that Appellant had two options when he was involuntarily terminated: 1) appeal in writing to the Director/Secretary; or 2) "forgo taking any further action on the matter." Pappas, at 4. We follow the long history of cases which require aggrieved terminated employees to exhaust their administrative remedies before filing a suit in court. See Nemazee, supra; Danis Clark Landfill,
supra; Pappas, supra.
 {¶ 19} We find that the internal appeal procedures for involuntarily termination listed in employee handbooks, such as Appellant's, must be employed before an involuntarily terminated employee can pursue a suit in court. Through his employee handbook, Appellant was presented with an internal appellate procedure to voice his objections to his termination. Based on the evidence in the record, it is undisputed that Appellant failed to exhaust his administrative remedies. Accordingly, Appellees were entitled to summary judgment on Appellant's claims.
 {¶ 20} Our decision in the instant matter mirrors one from the Second Appellate District. In Libecap v. Lutheran Social Serv. of the MiamiValley, et al., (Feb. 11, 1994), 1994 Ohio App. LEXIS 452, at *3, the Second Appellate District found that an employee of a social service agency failed to exhaust his administrative remedies when he failed to follow internal appeal procedures set forth in the "Personnel Policy Manual." Pursuant to the Manual in Libecap:
"An employee discharged may appeal such discharge, in writing, to the next higher level of management up to and including the executive director. Such appeal, in order to be considered, must be submitted to management within 10 days following the date of the employee's termination." Id.
The Libecap Court found that summary judgment was proper because the plaintiff-appellant "simply failed to exhaust the administrative remedies provided for in the Personnel Policy Manual." Id. at *4.
 {¶ 21} In accordance with the foregoing, we find that the undisputed facts of the record demonstrate that Appellees promulgated an internal appellate procedure for involuntary termination. It is also undisputed that Appellant did not invoke said remedies to challenge his termination. Accordingly, the trial court properly awarded Appellees summary judgment as a matter of law. Appellant's three assignments of error are without merit.
 III {¶ 22} Appellant's three assignments of error are overruled. The judgment of the Summit County Court of Common Pleas is affirmed.
Judgment affirmed.
The Court finds that there were reasonable grounds for this appeal.
We order that a special mandate issue out of this Court, directing the Court of Common Pleas, County of Summit, State of Ohio, to carry this judgment into execution. A certified copy of this journal entry shall constitute the mandate, pursuant to App.R. 27.
Immediately upon the filing hereof, this document shall constitute the journal entry of judgment, and it shall be file stamped by the Clerk of the Court of Appeals at which time the period for review shall begin to run. App.R. 22(E). The Clerk of the Court of Appeals is instructed to mail a notice of entry of this judgment to the parties and to make a notation of the mailing in the docket, pursuant to App.R. 30.
Costs taxed to Appellant.
Exceptions.
Slaby, P.J., Reader, J., concur.
(Reader, J., retired, of the Fifth District Court of Appeals, sitting by assignment pursuant to, § 6(C), Article IV, Constitution.)