[Cite as *AMM Peric Property Invest., Inc. v. Cleveland*, 2014-Ohio-821.]

# Court of Appeals of Ohio

EIGHTH APPELLATE DISTRICT
COUNTY OF CUYAHOGA

JOURNAL ENTRY AND OPINION
No. 99848

## AMM PERIC PROPERTY INVESTMENT, INC., ET AL.

PLAINTIFFS-APPELLANTS

vs.

## CITY OF CLEVELAND

DEFENDANT-APPELLEE

## JUDGMENT:
REVERSED AND REMANDED

Civil Appeal from the
Cuyahoga County Court of Common Pleas
Case No. CV-753463

BEFORE:   Stewart, P.J., Celebrezze, J., and Keough, J.

RELEASED AND JOURNALIZED:   March 6, 2014

**ATTORNEYS FOR APPELLANTS**

Scott H. Schooler
Helen Forbes Fields
Forbes, Fields & Associates
700 Rockefeller Building
614 W. Superior Avenue
Cleveland, OH    44113


**ATTORNEYS FOR APPELLEE**

Barbara A. Langhenry
City of Cleveland Law Director

BY: Susan M. Bungard
Assistant Law Director
City of Cleveland, Law Department
Cleveland City Hall
601 Lakeside Avenue, Room 106
Cleveland, OH    44106

MELODY J. STEWART, P.J.:

{¶1} Plaintiff-appellant AMM Peric Property Investment, Inc. and its principal, Zvonimir J. Peric[1] (collectively "Peric"), owned an outbuilding located in the city of Cleveland that suffered structural damage after being struck by a drunk driver. About four months after the accident — months in which Peric had been in communication with the city's building department — the contractor Peric hired to make repairs to the building applied for a building permit but was denied the permit because the city could not determine whether the building was residential or commercial. Three days later, the city demolished the building and an adjacent garage because it was an "emminent [sic] danger and peril to human life." After demolishing the structures, the city sent Peric written notice of the condemnation and a bill for demolition services.

{¶2} Peric filed this action claiming that the city's conduct deprived him of due process and that it acted negligently by demolishing the buildings; the city counterclaimed for the cost of demolition. The city sought summary judgment on several grounds, among them the affirmative defense that Peric failed to exhaust administrative remedies by appealing to the city's Board of Building Standards and Building Appeals (the "board"). Peric argued that an administrative appeal would have been futile because the buildings had been demolished without prior notice. The court found that the city's administrative appeals process provided an adequate post-deprivation process and to

---

[1] Peric is a retired building inspector for the city.

resort to that process would not have been a vain act even though the buildings were demolished. The court also ordered Peric to pay the city's demolition costs finding that the city had no requirement to provide him notice of an emergency demolition.

I

{¶3} The affirmative defense of exhaustion of administrative remedies states that a party seeking relief from an administrative decision must pursue available administrative remedies before pursuing action in a court. *Noernberg v. Brook Park*, 63 Ohio St.2d 26, 29, 406 N.E.2d 1095 (1980), citing *State ex rel. Lieux v. Westlake*, 154 Ohio St. 412, 96 N.E.2d 414 (1951). The idea behind the defense is that administrative agencies have developed "experience and expertise" and that the courts want to give agencies the opportunity to correct their own errors and compile a record before the parties commence judicial review. *Dworning v. Euclid*, 119 Ohio St.3d 83, 2008-Ohio-3318, 892 N.E.2d 420, ¶ 9.

{¶4} The rule that a party exhaust administrative remedies is not absolute: there is no need to pursue administrative remedies if doing so would be a futile or a vain act. *Driscoll v. Austintown Assocs.*, 42 Ohio St.2d 263, 275, 328 N.E.2d 395 (1975). Futility in this context means not that the administrative agency would not grant the requested relief, but that the administrative agency lacks the authority or power to grant the relief sought. *State ex rel. Teamsters Local Union No. 436 v. Bd. of Cty. Commrs.*, 132 Ohio St.3d 47, 2012-Ohio-1861, 969 N.E.2d 224, ¶ 24, citing *Nemazee v. Mt. Sinai Med. Ctr.*, 56 Ohio St.3d 109, 115, 564 N.E.2d 477 (1990).

II

**{¶5}** The city's motion for summary judgment argued, without elaboration, that its ordinances provided an administrative remedy for Peric by way of an appeal to the city's Board of Building Standards and Building Appeals. It cited Cleveland Codified Ordinances 3103.20(e)(1), which states that "[a]n appeal may be made by any person aggrieved, or by the head of any department or division of the City." Its argument, essentially, was that the city provided a right of appeal at which the board could have reviewed the decision to condemn and demolish the buildings, Peric failed to file an appeal after his buildings had been demolished, so he failed to exhaust his administrative remedies.

**{¶6}** The difficulty with the city's argument is that even if the board determined that the demolition of Peric's buildings was unjustified, Cleveland Codified Ordinances 3103.20(e)(1) does not provide the board with any ability to provide a post-deprivation remedy under the circumstances. An administrative remedy may be inadequate "because of some doubt as to whether the agency was empowered to grant effective relief." *Gibson v. Berryhill*, 411 U.S. 564, 575, 93 S.Ct. 1689, 36 L.Ed.2d 488 (1973), fn. 14. An agency may be competent to adjudicate the issue presented, but still lack authority to grant the type of relief requested. *McNeese v. Bd. of Edn. for Community Unit School Dist. 187*, 373 U.S. 668, 675, 10 L.Ed.2d 622, 83 S.Ct. 1433 (1963).

**{¶7}** To say that the existence of an appeal constitutes an adequate remedy begs the question of what type of remedy the board could grant under the circumstances.

Peric's due process claim under 42 U.S.C. 1983 sought monetary relief. Nothing in the city's ordinances authorizes the board to grant monetary relief and the city does not argue, nor did the court find, that the board had the ability to grant monetary relief. It is true that Cleveland Codified Ordinances 3103.20(g)(2) states that if the board reverses any decision made by an administrative officer, the administrative officer "shall take action immediately in accordance with such decision." But that section says nothing about the board's ability to award monetary damages, much less its ability to force the city to pay such damages when it is not otherwise authorized by ordinance to grant them. The dissenting opinion recognizes this problem when it says that Peric can file a mandamus action to seek just compensation, but that very suggestion demonstrates why the administrative appeal in this case is an inadequate remedy.

{¶8} The board's seeming inability to award monetary damages if it were to decide an appeal in Peric's favor is why we find the court's reliance on *Collins v. Cleveland*, N.D.Ohio No. 1:11CV2221, 2010 U.S. Dist. LEXIS 153518 (Oct. 24, 2012), to be misplaced. In *Collins*, the city demolished Collins's house on an emergency basis, without notice, after a house fire made it a hazard. Collins filed constitutional claims in federal court, but the district judge found that he failed to exhaust his administrative remedies because he did not appeal to the board. The district court judge did not consider whether the appeal authorized by Cleveland Codified Ordinances 3103.20(e) constituted an adequate remedy, so we do not consider that opinion persuasive.

{¶9} Apart from the court's failure in *Collins* to address whether an appeal to the board constituted an adequate remedy, is the factual distinction that the city's demolition of Peric's property did not appear to have been made on an emergency basis as it was in *Collins*. Cleveland Codified Ordinances 3103.09(j) permits its director of building and housing to act on an emergency basis (i.e., without prior notice) to make safe or remove any building or structure deemed to "involve immediate danger to human life or health." The city argues that this section gave it the right to demolish Peric's buildings without prior notice and that it did so on that basis. The undisputed facts show otherwise: the city determined on April 9, 2009, that the outbuilding constituted an "emminent [sic] danger and peril to human life," but waited until April 24, 2009, to demolish it, and only then after it knew that Peric's contractor was applying for permits to commence repairs. By waiting two weeks to demolish the building, the city did not appear to believe that the building posed such an "immediate" danger to the public safety such that it could be demolished without prior notice.

{¶10} The city's argument that it demolished the building on an emergency basis without notice contradicts another of the city's arguments — that Peric had been given prior notice of condemnation at the time his contractor applied for a building permit. The city claims a clerk in the building department verbally informed Peric's contractor that the building had been condemned, so Peric had the opportunity to file an appeal, at which point the board would have been forced to stay any demolition. *See* Cleveland Codified Ordinances 3103.20(e)(3). Peric disputed whether he had been given prior

notice of condemnation, and argued in any event that verbal notification, if given, did not comply with Cleveland Codified Ordinances 3103.09(e)(1) that requires the director to give advance, written notice of condemnation.

{¶11} In addition to finding that the board lacked the ability to award monetary damages, we likewise find nothing in the city's ordinances that would suggest that the board could assess attorney fees against the city consistent with Peric's due process claim. Certainly, a board of building standards would have no particular expertise in awarding legal fees such that the courts would be expected to defer to it. So even if the board was to determine that the director failed to comply with notice requirements or that an emergency demolition was unwarranted under the circumstances, that finding would be an incomplete remedy — akin to a finding of liability without the power to award damages. Unlike situations where the board can address findings of building code violations before a property is demolished, a post-deprivation review leaves the board powerless to make the property owner whole if it was to find in favor of the property owner.

{¶12} As with all affirmative defenses in civil cases, the defendant bears the burden of proof. *MatchMaker Internatl., Inc. v. Long*, 100 Ohio App.3d 406, 408, 654 N.E.2d 161 (9th Dist.1995). And as the party seeking summary judgment, the city had the initial burden of establishing the absence of any material facts and that it was entitled to judgment as a matter of law. *See* Civ.R. 56(C); *Dresher v. Burt*, 75 Ohio St.3d 280, 293, 662 N.E.2d 264 (1996). It was thus required to show more than the availability of

an administrative appeal — it had to establish for purposes of summary judgment that the administrative appeal provided by Cleveland Codified Ordinances 3103.20(e) constituted an adequate remedy; that is, the appeals process could compensate Peric in the event the city was found to have wrongfully taken Peric's property. The city failed to carry its burden of establishing its right to judgment as a matter of law on the affirmative defense of exhaustion of administrative remedies, so the court erred by granting judgment on that basis. Likewise, summary judgment in favor of the city for demolition costs must be reversed.

{¶13} This cause is reversed and remanded to the trial court for further proceedings consistent with this opinion.

It is ordered that appellants recover of appellee their costs herein taxed.

The court finds there were reasonable grounds for this appeal.

It is ordered that a special mandate issue out of this court directing the Cuyahoga County Court of Common Pleas to carry this judgment into execution. A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure.

MELODY J. STEWART, PRESIDING JUDGE

FRANK D. CELEBREZZE, JR., J., CONCURS;

KATHLEEN ANN KEOUGH, J., DISSENTS
WITH SEPARATE OPINION

KATHLEEN ANN KEOUGH, J., DISSENTING:

{¶14} I respectfully dissent. I would affirm the trial court's decision in its entirety.

{¶15} Ohio law has established that where an administrative remedy is available, a party must exhaust such administrative relief prior to seeking court action. *Noernberg v. Brook Park*, 63 Ohio St.2d 26, 29, 406 N.E.2d 1095 (1980), citing *State ex rel. Lieux v. Westlake*, 154 Ohio St. 412, 96 N.E.2d 414 (1951). The purpose of the exhaustion doctrine is to afford the trial court with an adequate factual record upon which to make an informed decision and to promote judicial economy through the resolution of these disputes without the premature need for judicial intervention. *See Nemazee v. Mt. Sinai Med. Ctr.*, 56 Ohio St.3d 109, 564 N.E.2d 477 (1990). The majority finds that exhaustion of the administrative remedy would have been futile or a vain act; thus, summary judgment on this ground was improper. I disagree.

{¶16} In this case, the fact that the parties disagree whether the demolition of Peric's property was properly declared an emergency (the underlying issue) makes the administrative appeal to the board anything but futile. Peric, a retired city of Cleveland building inspector who presumably was aware of the policies and procedures of the Cleveland Department of Building and Housing, could have appealed the condemnation and demolition orders through an administrative post-deprivation hearing. Therefore, the factual record could have been established before the board, and the board could have

made the determination whether the condemnation order and subsequent demolition was proper and properly declared an emergency. The post-deprivation hearing affords property owners due process to challenge the condemnation order and demolition of their property when it is done so on an emergency basis. *See generally Collins*, N.D.Ohio No. 1:11CV221, 2012 U.S. Dist. LEXIS 153518, *15 (Oct. 24, 2012); *Babandi v. Allstate Indemn. Ins. Co.*, N.D. Ohio No. 1:07CV329, 2008 U.S. Dist. LEXIS 27222, *13-14 (Mar. 31, 2008).

{¶17} Accordingly, if it was determined at the administrative hearing that the demolition was not an emergency, then Peric would have been entitled to a pre-deprivation notice. If the record supports that Peric did not receive such notice, the city would have violated his due process rights; thus, rendering the demolition an unlawful taking. If it was found that it was an unlawful taking, Peric could have filed the requisite mandamus action to seek just compensation. "In order to obtain compensation for an unlawful taking, a mandamus action must be filed to compel public authorities to conduct appropriation proceedings." *Palco v. Springfield*, 2d Dist. Clark No. 2004 CA 80, 2005-Ohio-6838, ¶ 23, citing *Florian v. Bd. of Cty. Commrs. of Hamilton Cty.*, 1st Dist. Hamilton No. C-800843 (Aug. 5, 1981), unreported; *Huelsmann v. State*, 56 Ohio App.2d 100, 108, 381 N.E.2d 950 (10th Dist.1977); *State ex rel. Levin v. Sheffield Lake*, 70 Ohio St.3d 104, 108, 1994-Ohio-385, 637 N.E.2d 319; *see also Silver v. Franklin Twp.*, 966 F.2d 1031, 1035 (6th Cir.1992).

{¶18} All of these facts could have been established in an administrative appeal and prior to judicial intervention. Accordingly, I would find that the trial court was correct in granting summary judgment in favor of the city.