[Cite as *New Franklin v. Hutfles*, 2014-Ohio-1335.]

| STATE OF OHIO | ) | IN THE COURT OF APPEALS |
|---|---|---|
| | )ss: | NINTH JUDICIAL DISTRICT |
| COUNTY OF SUMMIT | ) | |

CITY OF NEW FRANKLIN

    Appellee

    v.

MICHAEL J. HUTFLES, et al.

    Appellants

C.A. No.    27098

APPEAL FROM JUDGMENT
ENTERED IN THE
COURT OF COMMON PLEAS
COUNTY OF SUMMIT, OHIO
CASE No.    CV2012-10-5725

DECISION AND JOURNAL ENTRY

Dated: March 31, 2014

BELFANCE, Presiding Judge.

{¶1} Appellants, Michael Hutfles and Heide Haverly, appeal the judgment of the Summit County Court of Common Pleas. This Court affirms in part and reverses in part.

I.

{¶2} Mr. Hutfles and Ms. Haverly own a residence in what is now the incorporated city of New Franklin. According to them, they maintained a concrete pad that crossed from their property onto the adjacent property for many years without incident. In 2012, Mr. Hutfles began building a garage on the concrete pad. A few days later, the City sent him a letter indicating that the construction did not comply with the zoning code because he had not obtained a permit for the construction. That letter gave Mr. Hutfles two options: "(1) Remove the entire accessory structure from your property **OR** (2) Submit a comprehensive site plan with accurate structural dimensions including property line setbacks to our office for review to verify full compliance with the City of New Franklin Zoning Code." (Emphasis in original.) According to Mr. Hutfles

and Ms. Haverly, they initiated the process of verifying compliance, as required by the City's second option, but did not cease construction of the garage.

{¶3} Four months later, the City filed an action against Mr. Hutfles and Ms. Haverly based on their failure to comply with the zoning code by obtaining permits and by conforming the garage and other accessory buildings to the zoning code's requirements. The City sought a declaration that the buildings violated the zoning code and an accompanying injunction to remedy the violations. The City also brought claims for abatement of a public nuisance. The City moved for summary judgment and supported its motion, in large part, with an affidavit setting forth the zoning inspector's ultimate conclusion that the construction violated the zoning code, albeit without supporting facts. The trial court concluded that Mr. Hutfles constructed the garage without permits and in violation of the setback requirements of the zoning code and granted summary judgment to the City in that respect. The trial court also granted the City an injunction with respect to that claim, permitting the City to "eliminate th[e] violation[]" after thirty days. The trial court denied the City's motion for summary judgment with respect to the remaining claims, but certified that there was no cause for delay under Civ.R. 54(B). Mr. Hutfles and Ms. Haverly appealed.

II.

ASSIGNMENT OF ERROR I

THE TRIAL COURT LACKED JURISDICTION AND VIOLATED HUTFLES'
DUE PROCESS WHEN IT GRANTED AN INJUNCTION FOR VIOLATION
OF A ZONING ORDINANCE.

{¶4} Mr. Hutfles and Ms. Haverly argue in their first assignment of error that the trial court did not have subject matter jurisdiction over this case because the City filed it before pursuing the matter to its conclusion administratively. We disagree.

{¶5} "The doctrine of exhaustion of administrative remedies requires a plaintiff to exhaust administrative avenues of relief before seeking court intervention in an administrative matter." *Avon Lake Mun. Util. Dept. v. Pfizenmayer*, 9th Dist. Lorain No. 07CA009174, 2008-Ohio-344, ¶ 8, citing *Noernberg v. Brook Park*, 63 Ohio St.2d 26, 29 (1980). "The exhaustion doctrine is not without exception. For instance, when there is a judicial remedy that is intended to be separate from the administrative remedy, the requirement of exhaustion of administrative remedies does not apply." *Dworning v. Euclid*, 119 Ohio St.3d 83, 2008-Ohio-3318, ¶ 10. Regardless, failure to exhaust administrative remedies is an affirmative defense, not a defect of subject matter jurisdiction. *Jones v. Chagrin Falls*, 77 Ohio St.3d 456 (1997), syllabus. *See also Dworning* at ¶ 11. Consequently, it is waived if not timely asserted, and a failure to exhaust administrative remedies "will not justify a collateral attack on an otherwise valid and final judgment[.]" *The Salvation Army v. Blue Cross & Blue Shield of N. Ohio*, 92 Ohio App.3d 571, 577 (8th Dist.1993).

{¶6} Assuming for purposes of argument that a municipality must exhaust its own administrative procedures before seeking a declaration and injunction under R.C. 713.13, Mr. Hutfles and Ms. Haverly waived their ability to raise the defense by failing to timely assert it. Indeed, they did not assert it in the trial court until after judgment was entered and only hours before their notice of appeal was filed. Because failure to exhaust administrative remedies is not a defect of subject matter jurisdiction, they cannot effectively raise it for the first time on appeal. *Compare Jenkins v. Keller*, 6 Ohio St.2d 122 (1966), paragraph five of the syllabus ("Where a court has no jurisdiction over the subject matter of an action * * *, a challenge to jurisdiction on such ground may effectively be made for the first time on appeal in a reviewing court."). The first assignment of error is overruled.

ASSIGNMENT OF ERROR II

THE TRIAL COURT ERRED BY ABUSING ITS DISCRETION IN GRANTING THE CITY OF NEW FRANKLIN'S RELIEF FOR INJUNCTON BASED ON ITS MOTION FOR SUMMARY JUDGMENT.

{¶7}   Mr. Hutfles and Ms. Haverly's second assignment of error is that the trial court abused its discretion by granting an injunction that permits the City to enter upon their property and raze the garage.  This Court notes at the outset that Mr. Hutfles and Ms. Haverly have not challenged the trial court's determination that their garage violates the zoning code, but they take issue with the scope of the remedy afforded the City.

{¶8}   Injunctions are extraordinary remedies that are not available as a matter of right, but only when necessary to prevent future wrong.  *Garono v. State*, 37 Ohio St.3d 171, 172 (1988).  Although the decision to grant an injunction is one that is committed to the discretion of the trial court, the exercise of that discretion is not unfettered.  *See id.*  An injunction that permits the destruction of existing property presents unique considerations and must be considered accordingly:

> The extraordinary nature of the remedy by injunction calls for a particular application of equitable principles, and it may be said to be the duty of the court to consider and weigh the relative conveniences and comparative injuries to the parties which would result from the granting or refusal of injunctive relief. Because of the drastic character of mandatory injunctions, such rules apply with special force to them.

> When the court is thus asked to undo something that has been done, it must, for obvious reasons, act in a careful and conservative manner and grant the relief only in situations which so clearly call for it as to make its refusal work a real and serious hardship and injustice.

> The facts which will warrant mandatory relief must be clear, be free from reasonable doubt, and disclose the prospect of irreparable injury to the complainant. Equity will not interfere where the anticipated injury is doubtful or speculative; reasonable probability of irreparable injury must be shown. Such relief will be refused where the injury is so slight as to bring the case within the maxim "de minimis non curat lex," where there is no appreciable damage, where a mandatory decree would require a difficult and expensive act, or where its

enforcement would necessitate close and continuous supervision by the court for an indefinite period. As in other cases of injunction, the court will balance the equities between the parties and consider the benefit to the plaintiff of a mandatory writ as against the inconvenience and damage to the defendant, and award relief accordingly.

*Miller v. W. Carrollton*, 91 Ohio App.3d 291, 296-297 (2d Dist.1993). As another court has stated, "[t]he decision to grant injunction relief in each case revolves around the particular facts and circumstances and the court's view of the reasonableness of a drastic remedy in each situation. As aforementioned, an injunction in general is an extraordinary remedy; a mandatory injunction to remove a constructed [structure] is even more extraordinary." *Martin v. Lake Mohawk Property Owner's Assoc.*, 7th Dist. Carroll No. 04 CA 815, 2005-Ohio-7062, ¶ 51.

{¶9} This case presents unique facts and, under the circumstances of this case, we agree that the injunction issued in error. Specifically, the boundary lines in question are subject to reasonable dispute with respect to the setback violation and the City did not afford Mr. Hutfles and Ms. Haverly adequate notice or the benefit of pursuing their administrative options to conclusion.

{¶10} Both in the trial court and on appeal, Mr. Hutfles and Ms. Haverly have emphasized that the actual boundary lines in the case are subject to dispute. The record in this matter is sparse overall and, specifically, there is no record evidence establishing ownership of the adjacent property. We observe that no claim for trespass has been filed by any party claiming to own the adjacent property. Conversely, Mr. Hutfles and Ms. Haverly did not assert any third-party claims to quiet the title to that parcel.[1] Nonetheless, the dispute regarding the property lines is significant to our analysis regarding the propriety of the injunction. Under the

---

[1] In this respect, we agree with the trial court that adverse possession is not necessarily a *defense* to an alleged zoning violation, in particular where there is no claim to quiet title to the land allegedly acquired through adverse possession.

circumstances in this case, the absence of record evidence concerning ownership of the parcels at issue and the ambiguity of the boundary lines means that the questions of setback and encroachment are uncertain at best, and the resulting harm to the City is speculative.

{¶11} Similarly, an injunction to remove the garage appears drastic in relationship to the harm the City may suffer as a consequence of the construction and is unwarranted given the procedural history of this matter. Two facts are particularly troubling. There is no indication in the record that Mr. Hutfles or Ms. Haverly received any notice related to the setback violation or the alleged encroachment onto the adjacent parcel before the City filed this lawsuit. Although the City submitted evidence of notice related to the *permitting* violation in support of its motion for summary judgment, it did not submit evidence of any communication with Mr. Hutfles and Ms. Haverly regarding the placement of the garage. Even with respect to the permitting violation, it appears that although Mr. Hutfles and Ms. Haverly received an initial notice from the City regarding permitting for the garage construction, they received no further notice – and, specifically, no notice that they may face an action seeking a demolition order – until the construction was complete and the lawsuit was filed. Mr. Hutfles and Ms. Haverly maintain that during this period, they took steps to ensure compliance as described in the City's initial notice. The record does not offer any explanation of the City's inaction during the period of time after the initial notice of a zoning violation and the completion of the garage despite the continued construction. In this respect, the City's inaction appears relevant to consideration of the underlying harm to the City and hence the appropriateness of the mandatory injunction.

{¶12} Consequently, we conclude that the injunction permitting the City's entrance on Mr. Hutfles and Ms. Haverly's property to remedy the zoning violations constitutes an abuse of discretion. We emphasize, however, that we reach this conclusion in light of the unique facts

underlying this zoning matter, the limited nature of the Mr. Hutfles and Ms. Haverly's arguments on appeal, and the procedural posture in which this case is presented to us at this time.

{¶13} The second assignment of error is sustained.

III.

{¶14} Mr. Hutfles and Ms. Haverly's first assignment of error is overruled. Their second assignment of error is sustained. This matter is affirmed in part and reversed in part and remanded to the trial court for further proceedings consistent with this opinion.

> Judgment affirmed in part,
> reversed in part,
> and cause remanded.

———

There were reasonable grounds for this appeal.

We order that a special mandate issue out of this Court, directing the Court of Common Pleas, County of Summit, State of Ohio, to carry this judgment into execution. A certified copy of this journal entry shall constitute the mandate, pursuant to App.R. 27.

Immediately upon the filing hereof, this document shall constitute the journal entry of judgment, and it shall be file stamped by the Clerk of the Court of Appeals at which time the period for review shall begin to run. App.R. 22(C). The Clerk of the Court of Appeals is instructed to mail a notice of entry of this judgment to the parties and to make a notation of the mailing in the docket, pursuant to App.R. 30.

Costs taxed equally to both parties.

EVE V. BELFANCE
FOR THE COURT

CARR, J.
HENSAL, J.
CONCUR.


APPEARANCES:

ARCHIE W. SKIDMORE, Attorney at Law, for Appellants.

THOMAS MUSARRA, Attorney at Law, for Appellee.